PRIORITY SEND

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 4 2003

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11

12   TYRONE LEE TOLIVER,          )   Case No. CV 03-01708 AHM (AN)
                                  )
13            Petitioner,         )   MEMORANDUM AND ORDER
                                  )   SUMMARILY DISMISSING
14       v.                       )   PETITION FOR WRIT OF HABEAS
                                  )   CORPUS
15   DERRAL G. ADAMS, Warden,     )
                                  )
16            Respondent.         )
                                  )
17   _____  )

18

19              I. **Background and Proceedings**

20       On February 11, 2002, petitioner Tyrone Lee Toliver ("petitioner"), a state

21   prisoner proceeding *pro se*, was convicted following a bench trial of robbery; petitioner

22   was sentenced to 25 years to life in prison. [Petition at 3.] On March 11, 2003, petitioner

23   filed the pending petition for writ of habeas corpus (the "Petition"). It is clear from the

24   face of the Petition that petitioner has not exhausted his claims. For the reasons set forth

25   below, the Petition is dismissed without prejudice for petitioner's failure to exhaust his

26   available state remedies before seeking habeas relief in this Court.

27   / / /

28   / / /

ENTER ON ICMS

MAR 25 2003

③

# II. DISCUSSION

**A.     The Court's Duty To Screen Habeas Petitions.**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (the "Section 2254 Rules"), "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**B.     Petitioner Has Not Exhausted His Available State Remedies.**

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears the prisoner has exhausted available state remedies.  28 U.S.C. § 2254(b) and (c); Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).  Exhaustion requires that the petitioner's claims be fairly presented to the highest court of the state. Id. at 366.  A claim is fairly presented if the state prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his federal habeas claim is based.  Id.; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).

Although the court may **deny** unexhausted claims on the merits, the court is expressly prohibited from **granting** a petition for writ of habeas corpus unless

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(a)(1).

"[28 U.S.C.] Section 2254(c) . . . directs federal courts to consider whether a habeas petitioner has 'the right under the law of the State to raise, by any available procedure, the question presented.'  The exhaustion doctrine, in other words, turns on

1  an inquiry into what procedures are 'available' under state law."  <u>O'Sullivan v.</u>

2  <u>Boerckel</u>, 526 U.S. 838, 847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  A petitioner must

3  present his claims to the state supreme court even if that court's review is discretionary.

4  <u>Id</u>. at 845.  "Because California's 'established, normal appellate review procedure is a

5  two-tiered system,' [state prisoners are] required to exhaust [their] claims in a petition

6  for review to the California Supreme Court." <u>Gatlin v. Madding</u>, 189 F.3d 882, 888 (9th

7  Cir. 1999), *cert. denied*, 528 U.S. 1087, 120 S.Ct. 815, 145 L.Ed.2d 686 (2000), *quoting*

8  <u>O'Sullivan v. Boerckel</u>, *supra*, 526 U.S. at 845, and *citing* Cal. R. of Ct. 28(b)

9  (describing procedure for seeking review of a decision of the court of appeal).

10       Neither of the two claims raised in the Petition have been considered and denied

11  by the California Supreme Court; indeed, the exhibits attached to the Petition establish

12  the California Supreme Court never accepted Petitioner's petition for review because it

13  was untimely.  Further, Petitioner has not presented either of his claims to the California

14  Supreme Court in a habeas petition.  It is therefore clear from the face of the Petition that

15  none of the claims are exhausted.

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

### III. CONCLUSION

2   For the reasons set forth above, the Petition is dismissed without prejudice and

3   judgment shall be entered accordingly. *The period during which this petition*

4   *has been or is pending in federal court does not stop the running of the*
    *statute of limitations. –*

5   IT IS SO ORDERED.

6

7   DATED: ___March 26___, 2003

    A. HOWARD MATZ

8   UNITED STATES DISTRICT JUDGE

9

10

    Presented[1] on March 19, 2003, by:

11

12

    Arthur Nakazato

13  United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]     This Memorandum and Order was prepared by the Magistrate Judge and presented to the District Judge pursuant to Rules 4 and 10 of the Section 2254 Rules and Local Rule 3.2.2 of the Court's Local Rules Governing Duties of Magistrate Judges.